(3 Misc. Rep. 50.)

## PURDY v. MANHATTAN EL. RY. CO. et al.

(Common Pleas of New York City and County, General Term. March 9, 1893.)

1. ELEVATED RAILROADS—INJURY TO ABUTTERS.

In an action to enjoin the maintenance of an elevated railroad in proximity to plaintiff's property, it is error to find that the sum which the company may pay to obviate the injunction "should not be greater than a sum necessary to compensate plaintiff for the perpetual maintenance" of the structure, "and exclusive of the damages caused, or to be caused, by the running of trains thereon," as the future operation of the road should be taken into account, in fixing the amount of damages. Sperb v. Railway Co., (N. Y. App.) 32 N. E. Rep. 1050, followed.

2. SAME—PROOF OF BENEFITS.

In such action it is error to admit testimony directly to the fact that benefits are conferred by the proximity of the railroad to plaintiff's property.

Appeal from special term.

Action by Elvira Purdy against the Manhattan Elevated Railway Company and the Metropolitan Elevated Railway Company for an injunction. From a judgment for defendants, plaintiff appeals. Reversed.

For former report, see 13 N. Y. Supp. 295.

Argued before PRYOR and GIEGERICH, JJ.

S. G. Adams, for appellant.

Davies, Short & Townsend, (A. O. Townsend, of counsel,) for respondents.

PRYOR, J., (orally.)   We are both of opinion, without hesitation, that we are constrained to reverse this judgment.   We see among the conclusions of law that the learned trial judge found:

"Sixth. The sum fixed, which the defendants may pay in order to obviate the injunction herein, should not be greater than a sum necessary to compensate plaintiff for the perpetual maintenance of the defendants' elevated railroad structure, and exclusive of the damages caused, or to be caused, by the running of the trains thereon."

During the recess I have procured the report of the Sperb Case, as it appears on page 1051 of 32 N. E. Rep.   The decision is in these words:

"The passage of numerous trains at short intervals over the elevated structure constitutes an inconsistent and excessive street use, and to that extent defendants have taken, and will hereafter occupy, part of plaintiff's easement of light and air, and this should be taken into account in fixing the amount of damages to be paid by the defendants in order to obviate an injunction."

Now, the learned trial judge here was computing the amount to be fixed as the condition of staying or obviating an injunction, and he says, distinctly,—we are bound to take his word; we are bound to assume that his judgment was swayed and controlled by it,—he says that, in estimating that sum, he made no account whatever of the future operation of the road.   That question was the very question, and the sole question, before the court of appeals in the Sperb Case.   That case was tried before a referee. and he was requested to make the following finding, which he refused:

"The sum fixed, which the defendants may pay in order to obviate the injunction herein, should not be greater than a sum necessary to compensate the plaintiff for the perpetual maintenance of the defendants' elevated railroad structure, and exclusive of the damages caused, or to be caused, by the running of the trains thereon."

In that case the referee refused to find it.   In this case the court did find it, in totidem verbis.   The referee having refused to find it in the Sperb Case, the defendants appealed to the general term, and they reversed the referee because he refused to so find.   The court of appeals said he did right to refuse it; and upon that ground they reversed the order of the general term, and affirmed the judgment on the report of the referee.   Thus the very point was adjudicated.

But there is another ruling here that we conclude to be fatal error, and that is the admission of testimony directly to the fact that benefits were conferred by the proximity of this railroad to the plaintiff's property.   Now, the Roberts Case[1] does, if not expressly, yet virtually, adjudicate that such evidence is incompetent.   What the witness should have done in this case was to have testified to circumstances showing a benefit, but not directly to the fact of benefit. We are of opinion that the judgment must be reversed, and a new trial ordered; costs to abide the event.

[1] 28 N. E. Rep. 486.